# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 28, 2007

Clifford W. Taylor,
Chief Justice

133360 & (55)

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

SC: 133360
COA: 263300
Berrien CC: 2004-404393-FC

RODNEY ALLAN HUBBARD,
      Defendant-Appellant.

_____/

      On order of the Court, the application for leave to appeal the January 25, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motion to remand is DENIED.

      MARKMAN, J., concurs and states as follows:

      Because defendant has failed to make any showing that voiceprint evidence would demonstrate that the voice on the recording was not his own, I concur in the order denying leave to appeal. I write separately to observe that this Court, in an appropriate case, should revisit its conclusion in *People v Tobey*, 401 Mich 141, 148 (1977), that voiceprint evidence is inadmissible because it has not "achieved general scientific acceptance as a reliable identification device . . . ." Since *Tobey* was decided, 11 other states have addressed the admissibility of voiceprint evidence: five states have admitted such evidence, see, e.g., *People v Coon*, 974 P2d 386 (Alas, 1999), and six states have rejected such evidence, see, e.g., *State v Gortarez*,141 Ariz 254 (1984). *Coon* is the only decision of a state supreme court that has addressed voiceprint evidence under the test of *Daubert v Merrell Dow Pharmaceuticals, Inc,* 509 US 579 (1993), which is now the relevant standard in Michigan under MRE 702. In light of these legal developments, as well as potential technological improvements in voiceprint technology over the past three decades, this Court should revisit the admissibility of voiceprint evidence on an appropriate occasion.



      I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 28, 2007

_____
Clerk

s0925